IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RICKY ABRAM, | ) | CASE NO. 1:15 CV 34 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MAGISTRATE JUDGE |
| v. | ) | WILLIAM H. BAUGHMAN, JR. |
| | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | **MEMORANDUM OPINION AND** |
| | ) | **ORDER** |
| Defendant. | ) | |

# Introduction

**A.     Nature of the case and proceedings**

This is an action by Ricky Bernard Abram under 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of Social Security denying his applications for disability insurance benefits ("DIB") and supplemental security income ("SSI").[1]

The parties have consented to my jurisdiction.[2] The Commissioner has answered[3] and filed the transcript of the administrative record.[4]

---

[1] ECF # 1.

[2] ECF # 12.

[3] ECF # 8.

[4] ECF # 9.

Under the requirements of my initial[5] and procedural[6] orders, the parties have briefed their positions[7] and filed supplemental charts[8] and the fact sheet.[9] After review of the briefs, the issues presented, and the record, it was determined that this case can be decided without oral argument.

**B.     Background facts and decision of the Administrative Law Judge ("ALJ")**

Abram, who was 53 years old at the time of the administrative hearing, is a high school graduate.[10] He reports prior employment as a production worker and stock handler.[11]

The Administrative Law Judge ("ALJ") found that Abram had the following severe impairments: diabetic retinopathy and lumbar degenerative disc disease.[12]

After concluding that the relevant impairments did not meet or equal a listing,[13] the ALJ made the following finding regarding Munger's residual functional capacity ("RFC"):

---

[5] ECF # 5.

[6] ECF # 11.

[7] ECF # 16 (Abram's brief), ECF # 21 (Commissioner's brief).

[8] ECF # 16-1 (Abram's charts), ECF # 21-1 (Commissioner's charts).

[9] ECF # 15 (Abram's fact sheet).

[10] ECF # 15 at 1.

[11] *Id.*

[12] ECF # 9, Transcript of Proceedings ("Tr.") at 18.

[13] *Id.* at 19.

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to a range of light work. 20 CFR 404.1567(b) and 416.967(b). Specifically, he can sit, stand and walk for 6 hours each in an 8 hour day and can lift, carry, push and/or pull 20 pounds occasionally and 10 pounds frequently, with normal breaks. He is precluded from exposure to workplace hazards, such as unprotected heights and moving machinery, and from occupational driving. He is precluded from jobs requiring near visual acuity to the extent that he is precluded from working with parts, drawings, and writings smaller than 12-point type.[14]

Given that residual functional capacity, the ALJ found Abram incapable of performing his past relevant work as a production worker and stock handler.

Based on an answer to a hypothetical question posed to the vocational expert at the hearing incorporating the RFC finding quoted above, the ALJ determined that a significant number of jobs existed locally and nationally that Abram could perform.[15] The ALJ, therefore, found Abram not under a disability.[16]

**C.      Issues on judicial review and decision**

Abram asks for reversal of the Commissioner's decision on the ground that it does not have the support of substantial evidence in the administrative record. Specifically, Abram presents the following issues for judicial review:

- Whether the ALJ's finding that Mr. Abram has the residual functional capacity for a range of light work us supported by substantial evidence.

- Whether the ALJ's failure to accept or address Mr. Abram's need for a cane when standing and walking is error requiring remand.

---

[14] *Id.* at 20.

[15] *Id.* at 22.

[16] *Id.* at 24.

For the reasons that follow, I conclude that the ALJ's decision did not properly apply the treating physician rule to the opinion of Dr. Gregory, the case must be remanded for further proceedings.

## Analysis

**A.** **Standards of review**

*1.* *Substantial evidence*

The Sixth Circuit in *Buxton v. Halter* reemphasized the standard of review applicable to decisions of the ALJs in disability cases:

> Congress has provided for federal court review of Social Security administrative decisions. 42 U.S.C. § 405(g). However, the scope of review is limited under 42 U.S.C. § 405(g): "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive...." In other words, on review of the Commissioner's decision that claimant is not totally disabled within the meaning of the Social Security Act, the only issue reviewable by this court is whether the decision is supported by substantial evidence. Substantial evidence is " 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' "
>
> The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. This is so because there is a "zone of choice" within which the Commissioner can act, without the fear of court interference.[17]

Viewed in the context of a jury trial, all that is necessary to affirm is that reasonable minds could reach different conclusions on the evidence. If such is the case, the Commissioner

---

[17] *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001) (citations omitted).

-4-

survives "a directed verdict" and wins.[18] The court may not disturb the Commissioner's findings, even if the preponderance of the evidence favors the claimant.[19]

I will review the findings of the ALJ at issue here consistent with that deferential standard.

## 2. *Treating physician rule and good reasons requirement*

The regulations of the Social Security Administration require the Commissioner to give more weight to opinions of treating sources than to those of non-treating sources under appropriate circumstances.

> Generally, we give more weight to opinions from your treating sources, since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of your medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations.[20]

If such opinions are "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and "not inconsistent with the other substantial evidence in [the] case record," then they must receive "controlling" weight.[21]

---

[18] *LeMaster v. Sec'y of Health & Human Servs.*, 802 F.2d 839, 840 (6th Cir. 1986); *Tucker v. Comm'r of Soc. Sec.*, No. 3:06CV403, 2008 WL 399573, at *6 (S.D. Ohio Feb. 12, 2008).

[19] *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007).

[20] 20 C.F.R. § 404.1527(d)(2).

[21] *Id.*

The ALJ has the ultimate responsibility for determining whether a claimant is disabled.[22] Conclusory statements by the treating source that the claimant is disabled are not entitled to deference under the regulation.[23]

The regulation does cover treating source opinions as to a claimant's exertional limitations and work-related capacity in light of those limitations.[24] Although the treating source's report need not contain all the supporting evidence to warrant the assignment of controlling weight to it,[25] nevertheless, it must be "well-supported by medically acceptable clinical and laboratory diagnostic techniques" to receive such weight.[26] In deciding if such supporting evidence exists, the Court will review the administrative record as a whole and may rely on evidence not cited by the ALJ.[27]

In *Wilson v. Commissioner of Social Security*,[28] the Sixth Circuit discussed the treating source rule in the regulations with particular emphasis on the requirement that the agency "give good reasons" for not affording controlling weight to a treating physician's opinion in

---

[22] *Schuler v. Comm'r of Soc. Sec.*, 109 F. App'x 97, 101 (6th Cir. 2004).

[23] *Id.*

[24] *Swain v. Comm'r of Soc. Sec.*, 297 F. Supp. 2d 986, 991 (N.D. Ohio 2003), citing *Green-Younger v. Barnhart*, 335 F.3d 99, 106-07 (2nd Cir. 2003).

[25] *Garner v. Heckler*, 745 F.2d 383, 391 (6th Cir. 1984).

[26] *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 536 (6th Cir. 2001).

[27] *Id.* at 535.

[28] *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541 (6th Cir. 2004).

-6-

the context of a disability determination.[29] The court noted that the regulation expressly contains a "good reasons" requirement.[30] The court stated that to meet this obligation to give good reasons for discounting a treating source's opinion, the ALJ must do the following:

- State that the opinion is not supported by medically acceptable clinical and laboratory techniques or is inconsistent with other evidence in the case record.

- Identify evidence supporting such finding.

- Explain the application of the factors listed in 20 C.F.R. § 404.1527(d)(2) to determine the weight that should be given to the treating source's opinion.[31]

The court went on to hold that the failure to articulate good reasons for discounting the treating source's opinion is not harmless error.[32] It drew a distinction between a regulation that bestows procedural benefits upon a party and one promulgated for the orderly transaction of the agency's business.[33] The former confers a substantial, procedural right on the party invoking it that cannot be set aside for harmless error.[34] It concluded that the requirement in § 1527(d)(2) for articulation of good reasons for not giving controlling weight

---

[29] *Id.* at 544.

[30] *Id.*, citing and quoting 20 C.F.R. § 404.1527(d)(2).

[31] *Id.* at 546.

[32] *Id.*

[33] *Id.*

[34] *Id.*

to a treating physician's opinion created a substantial right exempt from the harmless error rule.[35]

The Sixth Circuit in *Gayheart v. Commissioner of Social Security*[36] recently emphasized that the regulations require two distinct analyses, applying two separate standards, in assessing the opinions of treating sources.[37] This does not represent a new interpretation of the treating physician rule. Rather it reinforces and underscores what that court had previously said in cases such as *Rogers v. Commissioner of Social Security*,[38] *Blakley v. Commissioner of Social Security*,[39] and *Hensley v. Astrue*.[40]

As explained in *Gayheart*, the ALJ must first consider if the treating source's opinion should receive controlling weight.[41] The opinion must receive controlling weight if (1) well-supported by clinical and laboratory diagnostic techniques and (2) not inconsistent with other substantial evidence in the administrative record.[42] These factors are expressly set out in 20 C.F.R. §§ 404.1527(d)(2) and 416.927(d)(2). Only if the ALJ decides not to give

---

[35] *Id.*

[36] *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365 (6th Cir. 2013).

[37] *Id.* at 375-76.

[38] *Rogers* 586 F.3d at 242.

[39] *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406-07 (6th Cir. 2009).

[40] *Hensley v. Astrue*, 573 F.3d 263, 266 (6th Cir. 2009).

[41] *Gayheart*, 710 F.3d at 376.

[42] *Id.*

the treating source's opinion controlling weight will the analysis proceed to what weight the opinion should receive based on the factors set forth in 20 C.F.R. §§ 404.1527(d)(2)(i)-(ii), (3)-(6) and §§ 416.927(d)(2)(i)-(ii), (3)-(6).[43] The treating source's non-controlling status notwithstanding, "there remains a presumption, albeit a rebuttable one, that the treating physician is entitled to great deference."[44]

The court in *Gayheart* cautioned against collapsing these two distinct analyses into one.[45] The ALJ in *Gayheart* made no finding as to controlling weight and did not apply the standards for controlling weight set out in the regulation.[46] Rather, the ALJ merely assigned the opinion of the treating physician little weight and explained that finding by the secondary criteria set out in §§ 1527(d)(i)-(ii), (3)-(6) of the regulations,[47] specifically the frequency of the psychiatrist's treatment of the claimant and internal inconsistencies between the opinions and the treatment reports.[48] The court concluded that the ALJ failed to provide "good reasons" for not giving the treating source's opinion controlling weight.[49]

> But the ALJ did not provide "good reasons" for why Dr. Onady's opinions fail to meet either prong of this test.

---

[43] *Id.*

[44] *Rogers*, 486 F.3d at 242.

[45] *Gayheart*, 710 F.3d at 376.

[46] *Id.*

[47] *Id.*

[48] *Id.*

[49] *Id.*

> To be sure, the ALJ discusses the frequency and nature of Dr. Onady's treatment relationship with Gayheart, as well as alleged internal inconsistencies between the doctor's opinions and portions of her reports. But these factors are properly applied only after the ALJ has determined that a treating-source opinion will not be given controlling weight.[50]

In a nutshell, the *Wilson/Gayheart* line of cases interpreting the Commissioner's regulations recognizes a rebuttable presumption that a treating source's opinion should receive controlling weight.[51] The ALJ must assign specific weight to the opinion of each treating source and, if the weight assigned is not controlling, then give good reasons for not giving those opinions controlling weight.[52] In articulating good reasons for assigning weight other than controlling, the ALJ must do more than state that the opinion of the treating physician disagrees with the opinion of a non-treating physician[53] or that objective medical evidence does not support that opinion.[54]

The failure of an ALJ to follow the procedural rules for assigning weight to the opinions of treating sources and the giving of good reason for the weight assigned denotes

---

[50] *Id.*

[51] *Rogers*, 486 F.3d 234 at 242.

[52] *Blakley*, 581 F.3d at 406-07.

[53] *Hensley*, 573 F.3d at 266-67.

[54] *Friend v. Comm'r of Soc. Sec.*, 375 F. App'x 543, 551-52 (6th Cir. 2010).

a lack of substantial evidence even if the decision of the ALJ may be justified based on the record.[55] The Commissioner's *post hoc* arguments on judicial review are immaterial.[56]

Given the significant implications of a failure to properly articulate (*i.e.*, remand) mandated by the *Wilson* decision, an ALJ should structure the decision to remove any doubt as to the weight given the treating source's opinion and the reasons for assigning such weight. In a single paragraph the ALJ should state what weight he or she assigns to the treating source's opinion and then discuss the evidence of record supporting that assignment. Where the treating source's opinion does not receive controlling weight, the decision must justify the assignment given in light of the factors set out in §§ 1527(d)(1)-(6).

The Sixth Circuit has identified certain breaches of the *Wilson* rules as grounds for reversal and remand:

- the failure to mention and consider the opinion of a treating source,[57]

- the rejection or discounting of the weight of a treating source without assigning weight,[58]

- the failure to explain how the opinion of a source properly considered as a treating source is weighed (*i.e.*, treating v. examining),[59]

---

[55] *Blakley*, 581 F.3d at 407.

[56] *Wooten v. Astrue*, No. 1:09-cv-981, 2010 WL 184147, at *8 (N.D. Ohio Jan. 14, 2010).

[57] *Blakley*, 581 F.3d at 407-08.

[58] *Id.* at 408.

[59] *Id.*

-11-

- the elevation of the opinion of a nonexamining source over that of a treating source if the nonexamining source has not reviewed the opinion of the treating source,[60]

- the rejection of the opinion of a treating source because it conflicts with the opinion of another medical source without an explanation of the reason therefor,[61] and

- the rejection of the opinion of a treating source for inconsistency with other evidence in the record without an explanation of why "the treating physician's conclusion gets the short end of the stick."[62]

The Sixth Circuit in *Blakley*[63] expressed skepticism as to the Commissioner's argument that the error should be viewed as harmless since substantial evidence exists to support the ultimate finding.[64] Specifically, *Blakley* concluded that "even if we were to agree that substantial evidence supports the ALJ's weighing of each of these doctors' opinions, substantial evidence alone does not excuse non-compliance with 20 C.F.R. § 404.1527(d)(2) as harmless error."[65]

In *Cole v. Astrue*,[66] the Sixth Circuit reemphasized that harmless error sufficient to excuse the breach of the treating source rule only exists if the opinion it issues is so patently

---

[60] *Id.* at 409.

[61] *Hensley*, 573 F.3d at 266-67.

[62] *Friend*, 375 F. App'x at 551-52.

[63] *Blakley*, 581 F.3d 399.

[64] *Id.* at 409-10.

[65] *Id.* at 410.

[66] *Cole v. Astrue*, 661 F.3d 931 (6th Cir. 2011).

deficient as to make it incredible, if the Commissioner implicitly adopts the source's opinion or makes findings consistent with it, or if the goal of the treating source regulation is satisfied despite non-compliance.[67]

**B.    Application of standards**

This case presents a challenge to the RFC finding that Abrams can do a range of light work. This challenge is centered on the ALJ's alleged failure to properly acknowledge, analyze and weigh the opinion of Dr. Jolee Gregory, M.D.

The opinion at issue here is unusually cursory and brief, and the ALJ's treatment of Dr. Gregory's functional limitations opinion is equally terse. Specifically, the ALJ made no finding that Dr. Gregory was a treating source (although he did point out that Dr. Gregory's opinion was issued in June, 2013 and the treatment relationship began in March 2013).[68] The ALJ in two sentences then merely summarized the treatment notes without:

(1) deciding if Dr. Gregory was a treating source;

(2) mentioning any of the functional limitations given in the notes;

---

[67] *Id.* at 940.

[68] Tr. at 21. Without presuming to now decide the question of whether Dr. Gregory was a treating source under the facts here, I do note that Dr. Gregory was seen in the context of Abram being treated by other providers, such as physical therapists, at the same clinic, (*see, id.* at 462) and that Dr. Gregory reviewed and cited those records as a foundation for her opinion. *Id.* at 461-62. When determining whether a treatment relationship exists, courts have concluded that the regulations require that the contact between the medical source and the claimant be considered in the context of what accepted medical practice is for the claimant's condition and the type of treatment. *See, Montana v. Commissioner of Social Security*, 2013 WL 6903764 (N.D. Ohio Dec. 31, 2013)(Report and Recommendation adopted by the district court).

-13-

(3) determining whether, pursuant to *Gayheart* and assuming Dr. Gregory is a treating source, Dr. Gregory's functional opinion was to be given the presumed controlling weight;

(4) assigning any weight at all to the opinion, together with good reasons for such weight in a manner capable of meaningful judicial review.[69]

These multiple, glaring failures to even attempt to consider Dr. Gregory's opinion according to the clear, long-standing requirements of the regulations and case authority prevents meaningful judicial review.

## Conclusion

Therefore, this matter must be remanded so that even the basic analysis of Dr. Gregory's opinion, and the weight assigned to that opinion, can be conducted in way capable of meaningful judicial review.

IT IS SO ORDERED.

Dated: February 29, 2016                             s/ William H. Baughman, Jr.
                                                     United States Magistrate Judge

---

[69] *Id*.